# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JABREN DUGGAN,<br><br>   Plaintiff,<br><br>v.<br><br>DURA-LINE, LLC,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Jabren Duggan ("Plaintiff" or "Mr. Duggan"), by and through his undersigned counsel, and files this, his Complaint for Damages against Defendant Dura-Line LLC ("Defendant"), and alleges as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for declaratory relief, along with liquidated and actual damages, reasonable attorney fees, and costs for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter the "FLSA"),

1

an FLSA retaliation claim for engaging in protective activity, and retaliation against Plaintiff in violation of the 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

The unlawful employment practices alleged in this Complaint were committed within this district.

4.

Defendant does business in and is engaged in commerce in the State of Georgia and is subject to jurisdiction over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) and 42 U.S.C. §2000(e)-5(f) because Defendant has conducted business in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## PARTIES

5.

Plaintiff is an African American Male citizen of the United States of America and resident of the State of Georgia and is subject to the jurisdiction of this Court.

6.

At all times relevant, Defendant was a private employer engaged in interstate commerce, and its gross revenues from commercial activities exceeded $500,000.

7.

Defendant is an "employer" as the term has been defined by the FLSA.

8.

During the relevant time period, from approximately August 1, 2011, to February 8, 2022, Plaintiff was employed by Defendant.

9.

Plaintiff was an "employee" of Defendant, as the term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. §203(e).

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System, located at 289 S. Culver St, Lawrenceville, GA, 30046-4805, USA.

## FACTUAL ALLEGATIONS

11.

Mr. Duggan began working for Defendant on or about August 1, 2011.

12.

Mr. Duggan's last position was non-exempt as an Inventory Specialist.

13.

From approximately August 26, 2019 to February 8, 2022 (the relevant statuatory period for Plaintiff's FLSA claim), Mr. Duggan was paid on an hourly basis, without overtime compensation, calculated at one and one-half times his regular rate, for some of the hours he worked in excess of 40 hours in work weeks.

14.

During this time, Mr. Duggan performed work from home via remote laptop for approximately seven (7) to ten (10) hours a week in excess of 40 hours without receiving overtime compensation.

15.

Rather than pay Mr. Duggan time and a half for all his overtime hours, Mr. Duggan had to work certain overtime hours off the clock.

16.

Defendant had knowledge that Mr. Duggan was working overtime hours from home off the clock without overtime compensation. For example, Defendant provided Mr. Duggan with the company laptop computer for him to log into Defendant's server and perform work after hours via remote access from home.

Further, Mr. Duggan's supervisors/management would communicate with Mr. Duggan through e-mails and texts after hours, and request certain work be performed by him after hours, including but not limited to adjusting inventory levels and schedules, and closing out orders. Mr. Duggan also was required to participate in after hours conference calls throuhout the relevant time period with management personnel, including but not limited to, Jim Shields (corporate manager), Ken Snyder (controller), Felicia Stewart (materials manager), and Thomas Longeran (plant manager).

17.

In or around the beginning of 2021, a Corporate Manager, Jim Shields, began treating Mr. Duggan with hostility. On occasion, Shields would state to the corporate management team that Mr. Duggan "looked like a crook" and was "the type that would do something crooked." Mr. Duggan perceived Shields' statements as racially motivated and stereotypical due to Mr. Duggan being African American.

18.

In or around June of 2021, Mr. Duggan filed a formal complaint against Shields with Defendant's parent company Orbia. In the complaint, Mr. Duggan complained of a racially motivated hostile work environment created by Shields. Mr.

Duggan never received any feedback or a follow-up report on what happened with the investigation, if any, of his complaint.

19.

In or about November of 2021, Mr. Duggan's Assistant Plant Supervisors, Jerrod Courbat and Brandon Lindsey, began making false accusations that Mr. Duggan was stealing product from the plant and sending it over to his former co-workers' business. The false accusations made it difficult for Mr. Duggan to perform his job.

20.

On or about January 20, 2022, Defendant brought in the inventory specialist from Oklahoma, Natalie Kennedy, to the Sandersville, GA plant.

21.

While working with Kennedy, Mr. Duggan reported that for over three years he had been working from home after his shift via remote computer.

22.

Kennedy explained that Mr. Duggan should be paid overtime for that time and accompanied Mr. Duggan to address the issue of lack of overtime pay with Russell Simms, the Plant Manager.

23.

Mr. Duggan complained to Simms that he should have been paid overtime for these hours of work. Simms told Mr. Duggan the issue would be "looked into", but it never was.

24.

On or about January 28, 2022, Mr. Duggan fell ill with COVID-19. Defendant placed Mr. Duggan on leave while he was in isolation.

25.

Defendant required Mr. Duggan to work from home while on sick leave when he had COVID-19. Plaintiff was not paid for these hours worked.

26.

On February 8, 2022, Defendant terminated Mr. Duggan's employment without payment for the overtime he was due.

27.

Any reason given for Mr. Duggan's termination is pretext for unlawful retaliation in response to his protected activity.

28.

Mr. Duggan has suffered damages, including lost wages and emotional distress as a result of Defendants' retaliatory action, for which he is entitled to recover.

## COUNTS FOR RELIEF

## COUNT I:  VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

29.

Plaintiff repeats and re-alleges paragraphs 11-28 of this Complaint with the same force and effect as if set forth herein.

30.

Defendant has violated the FLSA, 29 U.S.C. §201, et seq., including but not limited to 29 U.S.C. §207, by failing to pay overtime wages for certain hours that Plaintiff worked in excess of forty (40) hours in given workweeks.

31.

Defendant's actions, policies, and/or practices as described above violate the FSLA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

32.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

33.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

34.

Defendant's violations of the FLSA were willful and in bad faith, thus entitling Plaintiff to a three-year statute of limitations on his claims.

35.

Defendant suffered or permitted Plaintiff to work unpaid overtime hours, and had actual or constructive knowledge that Plaintiff was working unpaid overtime hours.

## COUNT II: RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

36.

Plaintiff repeats and re-alleges paragraphs 11-28 of this Complaint with the same force and effect as if set forth herein.

37.

Plaintiff engaged in protected activity by opposing Defendant's willful refusal to pay overtime compensation to an employee. Plaintiff therefore engaged in protected activity under the FLSA.

38.

Defendant responded to Plaintiff's protected activity by terminating his employment.

39.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA] or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

40.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

41.

Defendant is a "person" under the FLSA and were prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

42.

Defendant's actions, policies and/or practices as described above in terminating Plaintiff violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

43.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

44.

Defendant's violations of the FLSA were willful and in bad faith.

45.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice he believed was unlawful under the FLSA.

46.

Plaintiff's statutorily protected activity was the determinative factor in Defendant's decision to terminate his employment.

47.

Plaintiff worked more than forty (40) hours in the workweeks throughout his employment and did not receive compensation for all hours worked and/or did not receive overtime compensation for all of the overtime hours worked.

48.

Plaintiff suffered adverse actions as a result of his statutorily protected conduct, *to wit*: Defendant terminated his employment.

49.

As a direct and proximate result of the retaliation, Plaintiff has suffered damages, including lost wages and emotional distress, for which he is entitled to recover from Defendant.

50.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## COUNT III: VIOLATION OF 42 U.S.C. § 1981

51.

Plaintiff repeats and re-alleges paragraphs 11-28 of this Complaint with the same force and effect as if set forth herein.

52.

Defendant subjected Mr. Duggan to discrimination on the basis of his race (African American).

53.

Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's race/color, in violation of 42 U.S.C. § 1981.

54.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981 by creating a hostile work environment for Plaintiff and terminating Plaintiff because of his race/color.

55.

Defendant treated Plaintiff differently than at least one other employee outside of Plaintiff's protected class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than another employee outside of Plaintiff's protected race class is pretext for unlawful discrimination.

56.

Defendant's actions in subjecting Mr. Duggan to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

57.

The effect of the conduct was to deprive Mr. Duggan of economic opportunities, and otherwise adversely effect Mr. Duggan's status as an employee, because of hisrace.

58.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities

59.

As a direct and proximate result of Defendant's unlawful employment practices, Mr. Duggan has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

60.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

61.

Defendant has willfully and wantonly disregarded Mr. Duggan's rights, and Defendant's discrimination against Mr. Duggan was undertaken in bad faith.

62.

Defendant chose not to take appropriate remedial steps to prevent or correct the discrimination.

## COUNT IV:  RETALIATION IN VIOLATION OF 42 U.S.C. §1981

63.

Plaintiff repeats and re-alleges paragraphs 11-28 of this Complaint with the same force and effect as if set forth herein.

64.

Plaintiff is African American. Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, inter alia, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

65.

Plaintiff performed his contractual obligations.

66.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

67.

Plaintiff is a member of a protected class.

68.

Plaintiff's complaints and opposition to racist conduct constitute protected activity under 42 U.S.C. § 1981.

69.

Defendant subjected Plaintiff to adverse action (to wit, false allegations regarding work performance and termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

70.

There was a causal connection between the protected conduct and the adverse actions of false allegations and termination.

71.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

72.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

73.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a.) Grant Plaintiff a trial by jury as to all triable issues of fact;

(b.) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable

attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(a) Enter judgement against Defendant awarding General damages for mental and emotional suffering caused by Defendant's misconduct;

(c.) Enter judgement against Defendant awarding Plaintiff punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts;

(d.) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA and 42 U.S.C. §1981;

(e.) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(f.) Grant Plaintiff leave to add additional state law claims if necessary; and

(g.) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 29th day of August 2022.

                                    **BARRETT & FARAHANY**

                                    */s/ Ianna Richardson*
                                    Ianna O. Morrison-Richardson
                                    Georgia Bar No. 655153

                                    *Counsel for Plaintiff Jabren Duggan*

P.O. Box 530092
Atlanta, Georgia 30353-0092
(404) 214-0120
ianna@justiceatwork.com