# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JABREN DUGGAN,**  *Plaintiff*, v. **DURA-LINE, LLC,**  *Defendant*. | **CIVIL ACTION NO.** **5:22-cv-00313-TES** |

### ORDER DENYING JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITHOUT PREJUDICE

Plaintiff Jabren Duggan alleges in his Complaint [Doc. 1] that Defendant Dura-Line violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by both failing to pay "federally mandated overtime wages" and retaliating against him after he participated in protected activity. *See generally* [Doc. 1]. Plaintiff's Complaint also raises claims under 42 U.S.C. § 1981. [*Id.* at p. 13].

Having reached a settlement, the parties submitted their Settlement and Release Agreement [Doc. 4-1] for Court approval pursuant to 29 U.S.C. § 216(b). For the following reasons, the Court **DENIES** their Joint Motion for Approval of Settlement Agreement [Doc. 4] **without prejudice**.

**DISCUSSION**

A.   <u>Standard of Review</u>

In the Eleventh Circuit, FLSA actions may not be settled privately; instead, the Department of Labor must supervise the payment of back wages, or a court must enter a stipulated judgment after it has determined that the proposed settlement is "a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Additionally, a court must review the reasonableness of attorneys' fees to ensure that counsel is adequately compensated and that no conflict of interest affects the amount the plaintiff-employee recovers under the agreement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

Upon closer review, the Court cannot approve the proposed settlement agreement as submitted because it contains pervasive-release language within a provision entitled "General Release," as well as a mutual provision prohibiting disparagement from either party against the other. [Doc. 4-1, ¶¶ 5, 11]. The parties also failed to produce sufficient information related to the attorney's fee amount such that the Court could determine the reasonableness of the amount.

B.   <u>Pervasive Release Language</u>

First, the Court cannot approve the proposed settlement agreement because it contains what courts refer to as a "pervasive release." The essence of this provision

requires Plaintiff to refrain from participating in lawsuits against Defendant. Such releases are typified by broad, sweeping language that exempts a defendant from claims that a plaintiff has not brought or, in some cases, claims of which a plaintiff is not yet aware. These releases often include claims that are "'known and unknown,' or 'past, present, and future,' or 'statutory or common law,' or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (footnote omitted). These kinds of provisions are unacceptable because

> [a]n employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled. In effect, the employer requests a pervasive release in order to transfer to the employee the risk of extinguishing an unknown claim. . . . [A] pervasive release is a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee. . . . Although inconsequential in the typical civil case . . . , an employer is not entitled to use an [*sic*] FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA.

*Id.* at 1351.

Basically, a pervasive release allows the defendant-employer to stack the odds— "to confer[ ] an uncompensated, unevaluated, and unfair benefit on [itself]." *Id.* at 1352. Should the plaintiff-employee discover in the future that a claim accrued prior to the date he entered the settlement agreement, he can seek no relief and must content himself with money (1) that the defendant-employer paid to him months or even years

3

before he became aware of the new claim, (2) that was not related in any way to the newly discovered claim, and (3) that he would have been entitled to in the absence of a pervasive release. *See id.* at 1352 ("The employer who obtains a pervasive release receives either nothing (if no claim accrues) or a windfall at the expense of the unlucky employee. In either instance, the employee bears the risk of loss, and the employer always wins—a result that is inequitable and unfair in the circumstance. The employer's attempt to 'play with house money' fails judicial scrutiny.").

A portion of the proposed settlement agreement in this case states verbatim,

> **5.** **General Release.** In In exchange for and upon timely receipt of the payment set forth in Section 2( c )above, the receipt and sufficiency of which is hereby acknowledged, you fully and completely waive, release, and forever discharge Releasees from all claims of any type to date, known or unknown, suspected or unsuspected, to the fullest extent allowed by law, including but not limited to anything to do with your employment or the end of your employment. This means you give up all claims and rights related to: [claims arising from contract, torts, Title VII, ADEA, whistleblower protections, ERISA, Sarbanes-Oxley, FMLA, OSH Act, Fair Credit Reporting Act, etc.].

[Doc. 4-1 at ¶ 5]. For each type of claim listed, the parties intend for Plaintiff to be barred from asserting a particular lawsuit against Defendant in the future that would be unrelated to FLSA causes of action. This, the parties may not do. FSLA settlements permit the release of any and all FLSA violations—and only FLSA violations— preceding the date of execution of a proper settlement agreement. *See, e.g.*, Order Denying Without Prejudice Joint Motion for Settlement Approval, *Bailey v. Strippers, Inc.*, No. 5:18-cv-00128-TES (M.D. Ga. Mar. 18, 2019), ECF No. 34.

The language included in this provision is pervasive in its requirement that Plaintiff relinquish any claims that he currently has—of which he may not be aware—and that he must relinquish claims that are unrelated to the instant FLSA action. *See Moreno*, *supra* ("[A]n employer is not entitled to use an [*sic*] FLSA claim . . . to leverage a release from liability unconnected to the FLSA."); *cf. Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-CV-88 (WLS), 2013 WL 5933991, at *2–3 (M.D. Ga. Nov. 1, 2013) (refusing to approve a settlement agreement containing pervasive releases of claims to include "any other claims or demands [Plaintiff] may have on any basis" arising under statutes other than the FLSA). As such, the Court cannot approve the proposed settlement agreement with such pervasive-release language included.[1]

## C.   Non-Disparagement Clause

Second, the Court cannot approve the proposed settlement agreement because it contains a non-disparagement clause whereby Plaintiff agrees he will not "do or say anything, verbally or in writing, directly or indirectly, that disparages, reflects negatively on or otherwise detrimentally affects any Releasee's [*sic*] products or services." [Doc. 4-1 at ¶ 11]. In return, the Defendant "promises to instruct Russell Sims, Jim Shields, and Kellie Giles not to do or say anything, verbally or in writing, directly or

---

[1] *See also Gouldie v. Trace Staffing Sol., LLC*, No. 5:21-cv-00088-TES, 2021 WL 4944800, at *1 (M.D. Ga. Oct. 22, 2021); *but see* Order Approving Settlement Agreement, *Gwara v. B&G Equip. Co.*, No. 5:21-cv-00111-TES (M.D. Ga. May 14, 2021), ECF No. 3 (allowing a release of non-FLSA claims under a separate agreement with additional consideration).

indirectly, that disparages, reflects negatively on or otherwise detrimentally affects [Plaintiff]." [*Id.*].

Courts routinely find that such clauses infringe on a plaintiff-employee's free speech rights. *See* Order Denying Joint Motion for Settlement Approval, *Fields v. Southcare Med. & Homecare Servs. LLC*, No. 5:18-cv-00298-TES (M.D. Ga. Jan 6, 2019), ECF No. 10; *see also Nichols*, 2013 WL 5933991, at *3 (disapproving a FLSA settlement agreement containing such a clause as being "particularly problematic in that it does not limit the restraints on Plaintiff's free speech to only those statements concerning his FLSA claim."); *Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010); *Yanosik v. Amazulu Transp. Inc.*, No. 2:17-cv-385-FtM-29MRM, 2017 WL 5125884, at *2 (M.D. Fla. Oct. 3, 2017) *recommendation adopted by* 2017 WL 5069051 (M.D. Fla. Nov. 3, 2017); *Loven v. Occoquan Grp. Baldwin Park Corp.*, No. 6:14-cv-328-Orl-41TBS, 2014 WL 4639448, at *3 (M.D. Fla. Sept. 16, 2014). District courts have consistently held non-disparagement provisions impermissible, and the Court cannot approve a proposed settlement agreement containing such a clause.[2]

D. **Attorney's Fees**

Under the FLSA, a prevailing plaintiff may also receive reasonable attorney's fees and costs of the action. 29 U.S.C. § 216(b). A court reviewing a FLSA settlement

---

[2] *See also Engledow v. Houston Lake Funeral Home, LLC*, No. 5:18-cv-00146-TES, 2019 WL 2358404, at *3 (M.D. Ga. June 4, 2019).

must review any award of attorney's fees, too. *Silva*, 307 F. App'x at 351–52. As mentioned above, this serves two purposes—ensuring that plaintiff's counsel is adequately compensated, and that no conflict taints the amount the wronged employee recovers under the settlement. *Id.*

Here, however, there is no evidence the parties determined the attorney's fees amount independent of Plaintiff's settlement amount. Because of that, the Court must review the reasonableness of the attorney's fees using the lodestar method. *See* Order Granting Joint Motion for Settlement Approval, *Drake v. Press M & R, Inc.*, No. 5:18-cv-00448-TES (M.D. Ga. Jan. 31, 2019), ECF No. 9; *see also Cohen v. Goodyear Tire & Rubber Co.*, No. 6:09-cv-496-Orl-31DAB, 2009 WL 3790292, at *3 (M.D. Fla. Nov. 9, 2009). But the parties failed to provide any evidence regarding the hours worked, counsel's hourly rate, etc. *See Reams v. Michael Angelo Rest., Inc.*, No. 7:19-cv-53-HL, 2019 WL 68988656, at *3 (M.D. Ga. Dec. 18, 2019); *see also Rumph v. Jones Septic Tank, Inc.*, No. 7:19-cv-85-HL, 2021 WL 1044423, at *3 (M.D. Ga. Feb. 2, 2021) (discussing a declaration submitted by the plaintiff's counsel regarding the hours worked and expenses incurred); Order Granting Joint Motion for Settlement Approval, *Harp v. Bran Hosp., Inc.*, No. 5:17-cv-00285-TES (M.D. Ga. April 5, 2019), ECF No. 52 (same).

Because the parties "neither provided any evidence justifying the reasonableness of such fees nor represented that the fees were agreed upon without regard to the amount paid to settle the claims," the Court cannot approve the attorney's fees

7

provision of the agreement either. *Johnson v. Phil J. Sheridan Co.*, No. 5:17-cv-205-TES, 2018 WL 7360629, at *2 (M.D. Ga. April 3, 2018); *see also Hurt v. RT Pizza Inc.*, No. 7:20-cv-57-WLS, 2021 WL 5413668, at *2 (M.D. Ga. Feb. 12, 2021). The Court encourages the parties to either provide information relating to the negotiation of the attorney's fees amount or provide evidence from which the Court can evaluate the reasonableness of the fees.

## CONCLUSION

For the reasons discussed herein, Court **REJECTS** the proposed Settlement and Release Agreement [Doc. 4-1] and **DENIES** the parties' Joint Motion for Approval of Settlement Agreement [Doc. 4] **without prejudice**. Accordingly, the parties are **ORDERED** to submit a revised proposed settlement agreement, in full, within 14 days of the date of this Order or inform the Court of their intention to proceed with the case. Upon receipt, the Court will review the parties' revised settlement agreement to ensure that it comports with the mandates discussed above.

**SO ORDERED**, this 12th day of October, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**